**EMMA RANDALL, Plaintiff**

**v.**

**AMERICAN SAMOA GOVERNMENT, Dr. A. TROUP,
and DOES I through X, Defendants**

High Court of American Samoa
Trial Division

CA No. 37-85

June 3, 1991

Before REES, Associate Justice, VAIVAO, Associate Judge, LOGOAI, Associate Judge.

Counsel: For Plaintiff, John L. Ward II
For Defendant American Samoa Government,
Richard D. Lerner, Assistant Attorney General

On Motion for Reconsideration:

We denied defendant's motion to dismiss. Defendant now moves for reconsideration. This motion is also denied.

We will, however, modify the findings of fact and conclusions of law contained in the opinion denying the motion to dismiss, as follows:

The complaint was filed just before the expiration of the two-year statute of limitations but was not served until some months later. At the time defendant filed its answer, the defense that the complaint was not filed within the statute of limitations was not available. Failure to plead this defense did not, therefore, amount to a waiver of the statute of limitations with respect to any future amendment of the complaint.

Defendant could, however, have raised in 1985 exactly the combination of defenses it eventually did raise in 1990: (1) that the complaint had been filed prior to exhaustion of plaintiff's administrative remedy; (2) that the Court therefore lacked subject matter jurisdiction over the action at the time it was filed; and (3) that, although plaintiff had subsequently exhausted her administrative remedy, she could not cure

127

the original defect by filing an amended complaint, because the statute of limitations had subsequently run. Because it failed to raise these defenses in 1985 or within a reasonable time thereafter, but instead has vigorously litigated on the merits for several years and has also sought affirmative relief from plaintiff by way of counterclaims and cross-claims, defendant is estopped from raising the statute of limitations with respect to an amended complaint, even though the failure to plead the statute of limitations in the answer cannot be characterized as a waiver.

The remainder of our original analysis, including the analysis of prejudice to the plaintiff on account of defendant's conduct of the lawsuit, applies with equal force to estoppel as to waiver.

Except as set forth above, the motion to reconsider is denied.

It is so ordered.